IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOURDES MORALES-SANTIAGO,<br><br>          Plaintiff<br><br>     v.<br><br>ARAMARK CLEANROOM SERVICES (PUERTO RICO), INC., et al.,<br><br>          Defendants | CIVIL NO. 10-1402 (JAF/JP) |

**OPINION AND ORDER**

Before the Court are Defendants Aramark Corporation and Aramark Cleanroom Services (Puerto Rico), Inc.'s (hereinafter collectively referred to as "Aramark") motion for partial dismissal of the complaint (**No. 10**), Defendant Efrain Solivan's[1] ("Solivan") motion to dismiss Plaintiff's complaint against him (**No. 11**), Plaintiff's oppositions to Defendant Aramark's motion (Nos. 12, 13),[2] and Defendants' replies (Nos. 16, 17). On May 14, 2010, Plaintiff brought the instant action against Defendants Aramark and Solivan[3] alleging

---

[1] Defendant Efrain Solivan states in his motion that Plaintiff misspells his last name in the complaint as "Sullivan."

[2] Plaintiff filed two nearly identical oppositions to Defendant Aramark's motion at docket numbers 12 and 13 without explanation and did not file an opposition to Defendant Solivan's motion. As such, the Court deems Defendant Solivan's motion unopposed. The Court also notes that Plaintiff's oppositions are almost completely devoid of any supporting case law and fail to provide developed argumentation in opposition to Defendants' motions.

[3] Plaintiff also named as Defendants John Ehmann, Aramark Uniform and Career Apparel, LLC, Aramark Cleanroom Services, Inc., and ABC Insurance Co. The Court ordered (No. 18) Plaintiff to file proof of service as to these Defendants and

CIVIL NO. 10-1402(JAF/JP)        -2-

gender and national origin discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV, § 1, and under Puerto Rico Law 100, P.R. Laws Ann. tit. 29, §§ 146-151 ("Law 100"), Puerto Rico Law 69, P.R. Laws Ann. tit. 29, § 1321-1341 ("Law 69"), Puerto Rico Law 80, P.R. Laws Ann. tit. 29, §185a ("Law 80"), and under Articles 1054, 1059 and 1060, P.R. Laws Ann. tit. 29, §§ 3018, 3023, 3024, and Articles 1802 and 1803, P.R. Laws Ann. tit. 29, §§ 5141 and 5142.[4]  For the reasons stated herein, Defendants' motions to dismiss are hereby **GRANTED**.

I.   **PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff Lourdes Morales Santiago ("Morales") filed the instant complaint on May 14, 2010 against Defendants for damages and declaratory relief, alleging that she was discriminated against on the basis of her gender and national origin.

Plaintiff Morales was an employee of Aramark Cleanroom Services, Inc. from September 2005 until September 28, 2009.  She started working at Aramark as a Quality Assurance Manager. She alleges that

---

warned Plaintiff that failure to do so would result in the dismissal of the complaint against them without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On October 10, 2011, Plaintiff filed proof of service (No. 19) as to some Defendants but not as to Defendants John Ehmann, Aramark Uniform and Career Apparel, LLC, Aramark Cleanroom Services, Inc., and ABC Insurance Co. as ordered by the Court. It appearing from the record that Plaintiff has failed to serve those Defendants, the Court hereby **DISMISSES** Plaintiff's claims against them without prejudice.

[4] Plaintiff incorrectly cited to P.R. Laws Ann. tit. 31, § 5242.

CIVIL NO. 10-1402(JAF/JP)        -3-

her work was well recognized and that she received several awards during her time with Aramark. She received a Quality Award in 2006, an "ISO 9001 certification" and also a "Cleanroom Quality Award" in 2006. She alleges that the metrics for the Quality Assurance Department were always above expected parameters. In October 2007, she was promoted to Territory Manager. On customer service surveys, Morales states that her work was graded 9-10 on a 1-10 scale, 10 being excellent.

Plaintiff alleges that her business relations with customers were excellent and that she never had a bad performance review or received any complaints from customers. In 2008, however, Defendant Solivan was appointed to assist the Puerto Rico operations. At that time, Plaintiff Morales started noticing disparate treatment towards her and her work. Solivan moved Morales out of the office space that she had been occupying as a Territory Manager. Morales then had to work from home with office equipment supplied by herself and without additional compensation. Aramark gave, as its reason for removing her from the office, space constraints; however, Plaintiff argues that the actual reason was that Solivan wanted to pressure her into resigning from Aramark because he did not want a woman or a Puerto Rican to have such a high position within Aramark. Plaintiff alleges that her former office was empty for several months and there were other unused office spaces at Aramark.

CIVIL NO. 10-1402(JAF/JP)        -4-

Plaintiff alleges that John Ehmann ("Ehmann") and Solivan began visiting customers and discussing customer issues without including Morales on those visits and conversations even though her responsibilities included being a customer liaison. When Morales requested to be included, she was rebuffed. Also, Morales alleges the she was not awarded a commission on one of her sales.

On September 28, 2009, Plaintiff Morales was informed through Amy Zielenski ("Zielenski"), the Senior Territory Manager and Plaintiff's former boss, that Ehmann and Solivan decided to terminate her because there was no need for a customer service position in Puerto Rico. Both Ehmann and Solivan would be covering the former tasks. Plaintiff alleges that she later received information from Zielenski that Ehmann and Solivan had been looking for a reason to terminate Morales for several months.

Further, Plaintiff alleges that a corporate email was sent to Aramark customers without Morales' consent stating that she was resigning to pursue a career as a lawyer. Although Morales studied law, she claims the information was untrue. The email also stated that Zielinski would be covering the position, which was contrary to the information previously given to Plaintiff.

Morales was servicing a total of twenty (20) accounts at the time she was terminated. She alleges that no other Territory Manager was terminated aside from the one in Puerto Rico, that there were no

CIVIL NO. 10-1402(JAF/JP)        -5-

other female managers or supervisors at Aramark in Puerto Rico at the time of her termination, and that the last female manager resigned due to gender discrimination. Plaintiff alleges that several weeks after her termination and after she presented her claim before the Equal Employment Opportunity Commission ("EEOC"), a new position of "Customer Service Coordinator" was created. She alleges that the person in this position is doing the same tasks that Plaintiff was doing. Plaintiff was not offered the position. The position of Puerto Rico Territory Manager was opened seven months later and offered to the person in the Customer Service Coordinator position.

Finally, Morales alleges that Aramark attempted to reach a settlement agreement with illegal clauses and restrictions. She seeks punitive damages in excess of $1,000,000.00, actual damages of $250,000.00, costs, and attorney's fees.

## II.   LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v.

CIVIL NO. 10-1402(JAF/JP)        -6-

Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 561). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Defendants move to dismiss Plaintiff's Fourteenth Amendment, Title VII, and state law claims and Plaintiff's claim for punitive damages. Defendants argue that Plaintiff has failed to state a claim entitling her to relief. The Court will examine each argument in turn.

#### A. Fourteenth Amendment Claims

Defendants argue that Plaintiff's Fourteenth Amendment claims should be dismissed because a cause of action under the Fourteenth Amendment can only be brought against state actors and Defendants are not state actors. In her opposition, Plaintiff consents to the dismissal of her Fourteenth Amendment claims. (Pl.'s Opp. at 4). As such, the Court hereby **GRANTS** Defendants' motions to dismiss Plaintiff's Fourteenth Amendment claim.

CIVIL NO. 10-1402(JAF/JP)        -7-

### B.  Title VII Claims

#### 1.  Liability of Aramark Under Title VII

Defendants argue that Plaintiff's Title VII claims against Aramark should be dismissed because Plaintiff's allegations are unsupported and conclusory. Title VII protects against discrimination in the workplace on the basis of certain protected categories, including sex. 42 U.S.C. § 2000e *et seq.* Plaintiff alleges Title VII discrimination claims on the basis of: (1) sex; and (2) national origin.

*a. Discrimination Based on Sex*

In the absence of direct evidence of discrimination, a Title VII claim for discrimination on the basis of sex must be examined according to the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The McDonnell Douglas framework consists of the following three steps.  First, the plaintiff must make a *prima facie* showing that: (a) she is a member of a protected class; (b) her job performance was satisfactory; (c) she suffered an adverse employment action; and (d) the defendant continued to have her duties performed by a comparably qualified person.  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir. 2000).  The United States Court of Appeals for the First Circuit has also phrased the fourth prong of the test to require a plaintiff to demonstrate that "[the] employer sought a

CIVIL NO. 10-1402(JAF/JP)      -8-

replacement for [the plaintiff] with roughly equivalent qualifications." Smith v. Stratus Computer, 40 F.3d 11, 15 (1st Cir. 1994). The replacement of the plaintiff demonstrates that the plaintiff was terminated despite the employer's "continued need for the same services and skills." Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991).

If the plaintiff establishes a *prima facie* case of sex discrimination, the burden shifts to the defendant-employer to state a non-discriminatory reason for the adverse employment action. Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 31 (1st Cir. 2003). If the defendant meets that burden, the burden then shifts once again to the plaintiff to demonstrate that the defendant's stated reason is mere pretext for sex discrimination. Id.

First, Plaintiff is a member of a protected class because she is female. Secondly, Plaintiff alleges that she performed her job satisfactorily because she received an award and favorable reviews and no complaints from customers. As such, taking Plaintiff's allegations as true, Plaintiff meets the second prong of the test. As to the third prong, Plaintiff suffered an adverse employment action when she was terminated from her employment.

Plaintiff also alleges that being forced to work from home constitutes an adverse employment action. To be adverse, an employment action must materially change the conditions of

CIVIL NO. 10-1402(JAF/JP)        -9-

plaintiff's employment. <u>Gu v. Boston Police Department</u>, 312 F.3d 6, 14 (1st Cir. 2002). Some material changes include "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees." <u>Id.</u> Plaintiff offers no allegations regarding whether other employees were also told to work from home, whether the move was temporary or permanent, or whether her compensation and/or responsibilities were reduced. Given the lack of factual allegations regarding her alleged forced move to work from home, the Court finds that the move does not constitute an adverse employment action under Title VII. See <u>Wooten v. St. Francis Med. Ctr.</u>, 108 Fed. Appx. 888, 891 (5th Cir. 2004)(finding that employee's temporary move to a small office, which was formerly a storage area, did not constitute an "adverse employment action" and noting that employee offered "nothing to indicate that the change in her work area was motivated by racial or gender considerations").

   As to the fourth prong, Plaintiff makes no allegations about the qualifications of the person who replaced her. Plaintiff claims that Solivan and Ehmann terminated her position and took over her duties and that Defendants later stated that Zielenski would take over her duties. In her complaint, Plaintiff fails to make any factual allegations as to the qualifications of Solivan, Ehmann and Zielinski so as to ascertain whether they are comparably qualified. In

CIVIL NO. 10-1402(JAF/JP)      -10-

addition, while she avers that when her position was reopened another person was offered the position, she fails to allege the gender or qualifications of this person. Given Plaintiff's sparse allegations, the Court finds that Plaintiff fails to satisfy the fourth prong of the test. As such, Plaintiff has not met her initial burden of establishing a prima facie case of discrimination on the basis of sex.

   Even assuming that Plaintiff met her prima facie burden, which is "not onerous" in Title VII cases, if Defendant articulates a legitimate, non-discriminatory reason for its decision, then the "presumption of discrimination vanishes, and the burden of production shifts back to the plaintiff." See Smith, 40 F.3d at 16. "The plaintiff must then introduce sufficient evidence to support two additional findings: (1) that the employer's articulated reason for the job action is a pretext, and (2) that the true reason is discriminatory." Id. In the instant case, Defendants' alleged reason for removing Plaintiff from her office was due to space constraints and the alleged reason for her termination was because of lack of need for the position. Plaintiff claims that she was moved from her office and later terminated because Defendants did not want a woman or Puerto Rican holding a high position in the company. She avers that while she was told there was no need for her position, her same position was reopened approximately seven months later.

CIVIL NO. 10-1402(JAF/JP)        -11-

Notwithstanding these averments, Plaintiff fails to provide any facts to support a finding or inference that Defendants' reasons were pretextual and their true reason was discriminatory. Plaintiff makes conclusory statements that the last female manager resigned due to discrimination by male managers and that there were no other female supervisors or managers in Puerto Rico at the time of her termination. She provides no further factual allegations to support these naked assertions or explain the alleged discrimination she or the other female supervisors suffered. She also offers no allegations of how other employees or territory managers at the time were treated in comparison. The Supreme Court has explicitly stated that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint  suffice if it tenders naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citing Twombly, 550 U.S. at 127). Furthermore, Plaintiff's conclusory assertions are inconsistent with her allegation that her former boss, Amy Zielenski, who was a woman, was at the time of the events alleged in the complaint, the Senior Territory Manager. Also, as stated above, Plaintiff does not make any allegations regarding the gender or qualifications of the person who was selected for the new Customer Service Coordinator position and who later was offered her former position.

CIVIL NO. 10-1402(JAF/JP)     -12-

In disparate treatment cases, "the plaintiff has the burden of showing that she was treated differently from persons situated similarly in all relevant aspects." Smith, 40 F.3d at 16 (citing The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989)(internal quotation omitted)). In her complaint, Plaintiff Morales, in a conclusory fashion, alleges that she started noticing disparate treatment towards her and her work and that she was removed from her office and forced to work from home. Nevertheless, she does not make any factual allegations to support that she was treated differently from similarly situated persons. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981) ("[I]t is the plaintiff's task to demonstrate that similarly situated employees were not treated equally").

While Plaintiff alleges that Zielenski told her that Defendants were looking for a reason to terminate Plaintiff, Plaintiff provides no further factual enhancement to this statement to support that Defendants terminated her because of her sex. The First Circuit has explicitly stated, "Title VII was not designed to transform courts into 'super personnel departments, assessing the merits-or even the rationality of employers' nondiscriminatory business decisions." Feliciano de la Cruz v. El Conquistador Resort & County Club, 218 F.3d 1, 8 (1st Cir. 2000)(quoting Mesnick, 950 F.2d at 825). Plaintiff's assertion that she was terminated because of her sex

CIVIL NO. 10-1402(JAF/JP)        -13-

without further factual enhancement "stops short of the line between possibility and plausibility." See Twombly, 550 U.S. at 546.

Accordingly, Plaintiff's allegations are insufficient for the Court to find that Defendants acted with a discriminatory animus. Taking Plaintiff's allegations that she performed satisfactorily and received awards for her performance as true, the Court finds that these factual allegations alone are not sufficient to support a finding of pretext and that Defendants acted with a discriminatory animus. As the First Circuit states, "Title VII does not grant relief to a plaintiff who has been discharged unfairly, even by the most irrational of managers, unless the facts and circumstances indicate that discriminatory animus was the reason for the decision." Smith, 40 F.3d at 16.

Accordingly, the Court finds that Plaintiff has failed to state a claim against Aramark for a violation of Title VII on the basis of sex and **GRANTS** Defendant's motion to dismiss this claim.

*b. Discrimination on the Basis of National Origin*

Defendants argue that Plaintiff fails to state a claim for discrimination on the basis of national origin. With regard to her national origin discrimination claim, Plaintiff offers no argumentation in support of her claim in her oppositions to Defendants' motions. In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do [her] homework for [her]." McCoy

CIVIL NO. 10-1402(JAF/JP)       -14-

v. Massachusetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir. 1991). Rather, the plaintiff has an affirmative responsibility to put her best foot forward in an effort to present a legal theory that will support her claim. Id. at 23 (citing Correa-Martinez, 903 F.2d at 52; The Dartmouth Review, 889 F.2d at 16; Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957)). Plaintiff must set forth in her complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

In her complaint, Plaintiff alleges that she was terminated because she was Puerto Rican. Specifically, she alleges that she was fired because Defendant Solivan "did not want a woman, nor a puertorrican [sic] to have such a high position within Aramark." See Pl.'s Compl. ¶ 14. Plaintiff neither offers factual support for this statement nor offers any argumentation to support her claim in her oppositions. Moreover, she does not allege that non Puerto Ricans were treated differently and does not make any allegations as to the national origin of Defendant Solivan or of the person who allegedly replaced her. Plaintiff's conclusory statements without further factual enhancement will not suffice. See Iqbal, 129 S.Ct. at 1949. As such and given that Plaintiff provided no argumentation in support of her national origin discrimination claim, the Court **GRANTS**

CIVIL NO. 10-1402(JAF/JP)    -15-

Defendants' motions to dismiss this claim.

    2.   <u>Supervisory Liability Under Title VII</u>

Defendant Solivan argues that Plaintiff's Title VII claims against him should be dismissed because Title VII does not permit a cause of action against individual supervisors. The First Circuit has determined that the definition of "employer" for Title VII purposes does not encompass individual supervisors, even if such individuals are acting as agents of the employer. <u>Fantini v. Salem State College</u>, 557 F.3d 22, 30 (1st Cir. 2009). Therefore, individual supervisors may not be held liable pursuant to a Title VII claim. <u>Id.</u> ("[we] take this opportunity to determine as [other circuits] have that there is no individual employee liability under Title VII[]"). In the instant case, the First Circuit rule regarding individual liability dictates that Defendant Solivan may not be held liable for a cause of action under Title VII. Accordingly, the Court **GRANTS** Defendant Solivan's motion to dismiss the Title VII claim against him.

    **C.**   **<u>Puerto Rico Law Claims</u>**

Plaintiff asserts various state law claims against Defendants. Because Plaintiff no longer has federal claims pending before the Court, the Court will no longer retain jurisdiction over Plaintiff's supplemental claims. <u>See</u> U.S.C. § 1367(c)(3); <u>Rivera v. Murphy</u>, 979 F.2d 259, 264 (1st Cir. 1992). As such, the Court dismisses

CIVIL NO. 10-1402(JAF/JP)        -16-

Plaintiff's state law claims without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** Defendants' motions to dismiss. Plaintiff's federal claims against Defendants Aramark Corporation, Aramark Cleanroom Services (Puerto Rico), Inc. and Efrain Solivan are dismissed with prejudice and Plaintiff's state law claims against these Defendants are dismissed without prejudice.  In accordance with this Opinion and Order, the Court will enter a separate judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2011.

                                    s/José Antonio Fusté
                                 JOSÉ ANTONIO FUSTÉ
                              UNITED STATES DISTRICT JUDGE